IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-374-BM

| | |
|---|---|
| ANTONIO WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| CITY OF GOLDSBORO, and | ) |
| SHYCOLE SIMPSON CARTER, | ) |
| | ) |
| Defendants. | ) |

The matter before the court is an application for costs [DE-72] filed by the City of Goldsboro ("Goldsboro") and Ms. Shycole Simpson-Carter ("Ms. Simpson-Carter," and together with Goldsboro, "defendants"). Defendants submitted an attachment [DE-72-1] and memorandum [DE-72-2] in support. Plaintiff filed a response in opposition [DE-73], to which defendants filed a reply [DE-74].

### I. APPLICABLE LEGAL STANDARDS

Under Rule 54 of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A 'prevailing party' is 'a party in whose favor a judgment is rendered . . . .'" *Farrar & Farrar Dairy, Inc. v. Miller St. Nazianz, Inc.*, No. 5:06-CV-160-D, 2012 U.S. Dist. LEXIS 31056, at *2 (E.D.N.C. Mar. 8, 2012) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600-03 (2001)). "[E]xpenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)" are set forth in 28 U.S.C. § 1920.[1] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.

---

[1] Taxable costs under section 1920 include:

437, 441-42 (1987). "A court's local rules may also bear on a party's right to a bill of costs." *Farrar*, 2012 U.S. Dist. LEXIS 31056, at *5. Local Civil Rule 54.1(d) sets forth the scope of taxable costs in the Eastern District of North Carolina.[2]

Local Civil Rule 54.1 also provides that a bill of costs must be filed within 30 days after "the expiration of time allowed for appeal of a final judgment or decree." Local Civil Rule 54.1(a)(1).

## II. ANALYSIS

On September 30, 2024, the court issued an order [DE-61] granting defendants' motion for summary judgment [DE-39], and entered a judgment [DE-62] in favor of defendants. Plaintiff does not contest that defendants are the prevailing party in this case. *See generally* [DE-73].

---

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 . . . ; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . ."

28 U.S.C. § 1920.

[2] Local Civil Rule 54.1 (d)(1) provides a non-exhaustive list of normally recoverable costs:

> (a) those items specifically listed on the bill of costs form. The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's fee and charge for the original transcript of the deposition; (b) premiums on required bonds; (c) actual mileage, subsistence, and attendance allowances for necessary witnesses at actual costs, but not to exceed the applicable statutory rates, whether they reside in or out of the district; (d) one copy of the trial transcript for each unrepresented person and one copy for each party represented by a separate attorney.

Local Civil Rule 54.1(d)(1). Local Civil Rule 54.1(d)(2) also identifies items "normally not taxed, without limitation" as:

> (a) witness fees, subsistence, and mileage for individual parties, real parties in interest, parties suing in representative capacities, and the officers and directors of corporate parties; (b) multiple copies of depositions; (c) daily copy of trial transcripts, unless prior court approval has been obtained.

Local Civil Rule 54.1(d)(2).

Plaintiff only opposes defendants' application for costs on the grounds that the application was filed untimely. *See id.* at 2. Plaintiff asserts that "according to the L.R. 54.1(a)(1), the Bill of Costs was required to be filed within 30 days after the judgment, or no later than October 30, 2024. The Bill of Costs *sub judice* was filed on November 21, 2024, (DE 72), or otherwise Twenty-two (22) days late." *Id.*

Defendants correctly argue in reply that the Local Civil Rule provides an application for costs must be filed within 30 days after "the *expiration of time allowed for appeal* of a final judgment or decree." [DE-74] at 1 (emphasis in original) (quoting Local Rule 54.1(a)(1)(A)). Plaintiff's contention demonstrates a misunderstanding, or misreading, of the rule.

"[A] party seeking appellate review of a judgment must file its notice of appeal within 30 days of the judgment's entry, subject to certain exceptions." *Houck v. Lifestore Bank*, 41 F.4th 266, 270 (4th Cir. 2022) (citing 28 U.S.C. § 2107(a)). The court entered a judgment [DE-62] in favor of defendants on September 30, 2024. The time to appeal therefore expired on October 30, 2024. *See* 28 U.S. Code § 2107(a) (setting the time to appeal, as relevant here, as within 30 days after the entry of judgment). Thirty days from that date is November 29, 2024. Defendants filed their application for costs [DE-72] on November 21, 2024. The application was therefore timely filed.

Defendants request $4,364.98 "in costs for printed and electronically recorded transcripts necessarily obtained for use in the litigation," which defendants argue are taxable costs under 28 U.S.C. § 1920(2) and Local Civil Rule 54.1(d). [DE-72-2] at 3. Defendants' request for fees for transcripts, however, includes fees for exhibit copies and logistics and processing in the amount of $1,578.43.

3

Case 5:22-cv-00374-BM     Document 76     Filed 09/16/25     Page 3 of 5

Local Civil Rule 54.1(d) provides that the costs incident to taking depositions normally include only the reporter's fee and charge for one transcript of the deposition. *See* Local Civil Rule 54.1(d)(1(a). This court has interpreted this rule as not allowing fees for postage, shipping and handling, deposition exhibit fees, and expedited processing charges. *See Pinnix v. SSC Silver Stream Operating Co.* LLC, No. 7:14-CV-161-FL, 2018 WL 4621909, at *3 (E.D.N.C. Sept. 26, 2018) (unpublished) ("This court has interpreted [the Local Civil Rule] as not encompassing fees for copies of deposition exhibits, postage, shipping and handling, witness read and sign charges, multiple copies of depositions, ASCII disks, and litigation support packages"); *Dutton v. Wal-Mart Stores East, L.P.*, No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for . . . shipping, handling and expedited processing."); *Har-Tzion v. Waves Surf & Sport, Inc.*, No. 7:08-CV-137-D, 2011 WL 3421323, at *3 (E.D.N.C. Aug. 4, 2011) (unpublished) (allowing only the charge for the reporter's fee and original transcript where plaintiff's request also included charges for litigation support package, exhibits, and shipping and handling). To the extent that defendants request for costs include these nontaxable items, they are disallowed. The court finds defendants' expenses for transcripts of depositions are otherwise within the scope of taxable costs under Local Rule 54.1(d) and 28 U.S.C. § 1920. The court otherwise also finds no defects in defendants' application under Local Rule 54.1; Rule 54 of the Federal Rules of Civil Procedure; 28 U.S.C. §§ 1920, 1924; or any other applicable rule or statute. Plaintiff does not oppose defendants' application outside of the reasons the court has addressed above. Defendants' application for costs [DE-72] is therefore GRANTED IN PART in accordance with the terms herein.

## III.  CONCLUSION

For the reasons stated above, defendants' application for costs [DE-72] is GRANTED IN PART, and costs are taxed against plaintiff in the amount of $2,786.55 and shall be included in the judgment.

SO ORDERED, the 16th day of September, 2025.

_____
Brian S. Meyers
United States Magistrate Judge