IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-374-BM

| | |
|---|---|
| ANTONIO WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CITY OF GOLDSBORO, and SHYCOLE SIMPSON CARTER, | ) |
| Defendants. | ) |

This matter is before the court on the renewed motion [DE-66] by the City of Goldsboro ("Goldsboro") and Ms. Shycole Simpson-Carter ("Ms. Simpson-Carter," and together with Goldsboro, "defendants") to seal (i) [DE-40; -41; -42; -43; -44] and (ii) portions of the court's September 30, 2024 order [DE-61] (the "summary judgment order") on defendants' motion for summary judgment. Plaintiff has filed no response, and the time for doing so has passed. For the reasons set forth below, the court will allow in part and deny in part the motion to seal [DE-66].

This matter is also before the court *sua sponte* regarding the proposed sealed filings by plaintiff Antonio Williams ("plaintiff" or "Mr. Williams") appearing at [DE-47; -48; -49] ("plaintiff's proposed sealed filings"). Plaintiff did not file a motion to seal regarding any of these three documents. For the reasons discussed below, defendants will be provided an opportunity to file a motion to seal with respect to these proposed sealed filings [DE-47; -48; -49].

## I. RELEVANT BACKGROUND

On September 20, 2022, plaintiff commenced this action by filing a complaint against the City and Ms. Simpson-Carter. [DE-1]. On January 8, 2024, defendants moved for summary judgment against plaintiff [DE-39], and filed a memorandum in support [DE-44] ("Def. Mem."),

a statement of undisputed material facts [DE-40] ("Def. SMF"), and an appendix to the statement of undisputed material facts [DE-41; -42; -43] ("Def. SMF Appx."). On January 8, 2024, defendants filed a motion [DE-45] seeking to seal of the aforementioned filings [DE-40; -41; -42; -43; and 44]. From February 28, 2024, to February 29, 2024, plaintiff made three proposed sealed filings [DE-47; -48; -49], but did not file a motion to seal.

On September 30, 2024, this court issued an order [DE-61] (the "summary judgment order") on defendants' motion for summary judgment [DE-39] and defendants' motion to seal [DE-45]. In its order, the court noted that defendants were seeking "to seal five docket entries, in their entireties, totaling over 1,500 pages." [DE-61] at 2. The court found that defendants had not established that "less drastic alternatives, such as sealing specific exhibits or redacting certain portions of documents with confidential information, would fail to protect the legitimate confidentiality concerns listed by defendants." *Id.* at 3. The court therefore denied defendants' motion to seal [DE-45] without prejudice. *Id.* The court nevertheless directed the Clerk of Court to provisionally maintain the relevant docket entries, [DE-40; -41; -42; -43; and -44], including their exhibits and appendices, under seal to provide defendants with the opportunity to file a renewed motion to seal. *Id.* The court also directed the Clerk of Court to provisionally maintain plaintiff's proposed sealed filings [DE-47; -48; -49], including their exhibits and appendices, under seal to provide plaintiff with the opportunity to file a motion to seal with respect to these documents. *Id.*

On November 12, 2024, defendants filed the instant renewed motion to seal [DE-64] regarding [DE-40; -41; -42; -43; and -44] and the court's summary judgment order [DE-61]. Neither a motion to seal, nor any other filing, was made addressing plaintiff's proposed sealed filings.

## II. APPLICABLE LEGAL PRINCIPLES

The Fourth Circuit has directed that in deciding whether to seal documents filed with it the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records. *Doe*, 749 F.3d at 267. A judicial record is one that "'play[s] a role in the adjudicative process, or adjudicate[s] substantive rights.'" *Webb v. Murphy-Brown*, LLC, No. 4:14-CV-152-BR, 2021 WL 1342523, at *1 (E.D.N.C. Apr. 9, 2021) (quoting *In re Application of U.S. for an Order pursuant to 18 USC Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013)).

In contrast, First Amendment protection extends to only certain judicial records. *Doe*, 749 F.3d at 267. Such records include summary judgment motions and documents submitted with it. *Webb*, 2021 WL 1342523, at *2.

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.*

3

(quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

"When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.* (citation omitted). The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the information sealed. *Id.* Specific reasons must be presented to justify restricting access to the information. *Id.* (citing *Press-Enterprise Co.*, 478 U.S. at 15 ("The First Amendment right of access cannot be overcome by [a] conclusory assertion.")).

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publ. Co.*, 743 F.2d at 235. Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

### III. ANALYSIS

**A.     Defendants' Motion to Seal [DE-66]**

In their renewed motion to seal, defendants seek to seal portions of the following documents: (1) Def. SMF [DE-40]; (2) Def. SMF Appx [DE-41, -42, -43]; Def. Mem. [DE-44]; and the court's summary judgment order [DE-61] ("proposed sealed documents"). Defendants have also filed versions of these documents on the public docket showing their proposed redactions. *See* [DE-66-1] (containing proposed redaction to summary judgment order [DE-61]); [DE-67] (containing proposed redactions to portions of Def. SMF [DE-40]); [DE-68] (containing proposed redactions to portions of Def. SMF Appx [DE-41]); [DE-69] (containing proposed redactions to portions of Def. SMF Appx [DE-42]); [DE-70] (containing proposed redactions to

4

portions of Def. SMF Appx [DE-43]); [DE-71] (containing proposed redactions to portions of Def. Mem. [DE-44]) (collectively, the "proposed redacted documents").

Defendants contend that the documents in support of their motion for summary judgment "contain references to and/or constitute: (1) personnel records which are subject to the confidentiality restrictions of N.C. Gen. Stat. § 160A-168(c); (2) closed session meeting minutes that are made confidential pursuant to N.C. Gen. Stat. § 143-318.11; and, (3) personally identifiable information of non-parties." [DE-66] at 3.

Specifically, defendants request the sealing of personnel records because they are protected under N.C. Gen. Stat. § 160A-168 and "contain information revealing sensitive personal information, information that has no bearing on the issues that are the subject of this lawsuit, [and] confidential medical records and information." [DE-66] at 5.

With respect to the information contained in or relating to the close session meeting minutes, defendants contend that:

> the portions of documents [d]efendants request remain under seal contain discussions of confidential personnel matters (including discussions unrelated to the underlying facts at issue in this case), discussions involving competitive bidding and economic development efforts, discussions involving the settlement of lawsuits, information entirely unrelated to the matters at issue in this lawsuit, and, among other things, attorney-client privileged information.

[DE-66] at 6.

With respect to personally identifiable information, defendants argue that "[p]ersonally identifiable information of non-parties whose identities and personal information that are not relevant to this Court's decision should remain under seal." *Id.* at 7.

The documents that defendants seek to have sealed pertain to their motion for summary judgment, which is a dispositive motion. As such, these documents are subject to the First

5

Case 5:22-cv-00374-BM     Document 77     Filed 09/16/25     Page 5 of 8

Amendment right of access. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). To overcome the First Amendment right of access, the moving party must demonstrate "a compelling governmental interest" and a solution "narrowly tailored to serve that interest." *Id.*

As an initial matter, the requirement of public notice and opportunity to comment has been satisfied as to the document subject to the joint motion, as the motion to seal was filed on November 12, 2024. The court has received no objections from the public to the motion.

Next, the court notes that pursuant to the court's earlier directive to explore "less drastic alternatives, such as sealing specific exhibits or redacting certain portions of documents with confidential information" ([DE-61] at 2), the proposed redacted documents, with limited exceptions, consists of specific redactions of allegedly confidential portions within larger documents rather than the sealing or redaction of specific documents in their entirety.

The portions of documents including names and personal information (including addresses and contact information) of nonparties and minors are appropriately sealed. *See Johnson v. Baker*, No. 5:20-cv-4-D, 2021 U.S. Dist. LEXIS 189552, at *7 (E.D.N.C. Oct. 1, 2021); *Rothman v. Snyder*, No. 20-3290 PJM, 2020 U.S. Dist. LEXIS 237524, at *12 (D. Md. Dec. 17, 2020).

Similarly, the court agrees that "information that has no bearing on the issues that are the subject of this lawsuit,"[1] warrant sealing. *See Talley v. Folwell*, No. 4:22-cv-27-BO, 2024 U.S. Dist. LEXIS 29062, at *15-16 (E.D.N.C. Feb. 20, 2024); *Alston v. Jones*, No. 1:19-cv-96, 2022 U.S. Dist. LEXIS 91596, at *6 (M.D.N.C. May 23, 2022) ("The public has no First Amendment

---

[1] Defendants also reference "confidential medical records." [DE-66] at 5. While certain documents reference a party's medical leave (*see* [DE-43-1] at 156), defendants have not demonstrated how such documents, which were not issued by medical providers or otherwise created in the context of the party's medical care, constitute medical records, which would warrant sealing under existing law.

6

right of access to evidence irrelevant to a summary judgment decision."); *Scott v. City of Durham*, 1:20-cv-558, 2022 U.S. Dist. LEXIS 44808, at *16-17 (M.D.N.C. Mar. 14, 2022).

While most proposed redacted documents are only redacted in part, certain documents have been redacted in their entireties, such as those relating to the minutes of closed sessions. *See, e.g.*, [DE-70-1] at 11-13. This court has previously sealed the minutes of closed session meetings under Gen. Stat. § 143-318. *See Iglesias v. Wolford*, No. 5:07-cv-437-D, 2009 U.S. Dist. LEXIS 4987, at *4-5 (E.D.N.C. Jan 23, 2009). The court finds no meaningful difference between this case and *Iglesias*. Accordingly, the court finds that documents are appropriately sealed.

Defendants also seek to redact the entirety of Ms. Simson-Carter's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination. *See* Exhibit II-1 to II-10 [DE-43-1] at 147-56; [DE-70-1] at 147-56. Another court in this circuit has noted that EEOC charges are public records and should not generally be sealed. *Robinson v. Bowser*, No. 1:12CV301, 2013 U.S. Dist. LEXIS 101194, at *15 (M.D.N.C. July 19, 2013) (collecting cases). Accordingly, the court finds it inappropriate to seal this document in its entirety [DE-43-1] at 147-56. Nevertheless, to the extent that the EEOC charge contains information that has been redacted in the redacted copy of the summary judgment order [DE-66-1], such information may be redacted.

**B.     Plaintiff's Proposed Sealed Filings [DE-47; -48; -49]**

Additionally, the court notes that plaintiff did not exercise the opportunity to file a motion to seal with respect to the provisionally sealed docket entries [DE-47; -48; -49]. In the event that these documents contain any protected information impacting defendants, and in light of the court's rulings herein, the court provides defendants with an opportunity to file a motion to seal before these documents are unsealed in accordance with the terms provided below.

7

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's motion [DE-66] to seal is ALLOWED in part and DENIED in part.

The documents at [DE-40; -41; -42; -43; -44; -61] shall be maintained under permanent seal in accordance with Local Civil Rule 79.2(b), E.D.N.C.

Within 14 days of the date of this order, defendants are DIRECTED to file a copy of Ms. Simson-Carter's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination that redacts no information aside from information that has been redacted in the redacted copy of the summary judgment order [DE-66-1]. *Cf.* Exhibit II-1 to II-10 [DE-43-1] at 147-56; [DE-66-1].

Additionally, the Clerk of Court is DIRECTED to provisionally maintain docket entries [DE-47; -48; -49], including their exhibits and appendices, under seal until October 1, 2025. To the extent that one or more defendants desire any of these documents to be maintained under seal, they are DIRECTED to file a motion to seal, as well as redacted docket entries as necessary, no later than September 30, 2025. If one or more defendants timely file such a motion, the Clerk of Court is DIRECTED to maintain docket entries [DE-47; -48; -49], including their exhibits and appendices, under seal until this court rules on the motion. If all defendants fail to timely file such a motion, the Clerk of Court is DIRECTED to unseal [DE-47; -48, -49], including their exhibits and appendices, on October 1, 2025, unless otherwise directed by the court.

SO ORDERED, the 16th day of September, 2025.

Brian S. Meyers
United States Magistrate Judge